IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SIR ARTHUR HEIM FOR ) | | 8:11CV376 |
| CITIZENS SUIT, and United States ) | | |
| of America, ) | | |
| ) | | |
| Plaintiff, ) | | **MEMORANDUM** |
| ) | | **AND ORDER** |
| v. ) | | |
| ) | | |
| U.S. ATTORNEY GENERAL ERIC ) | | |
| HOLDER, et al., ) | | |
| ) | | |
| Defendants. ) | | |

This matter is before the court on Defendants' Motions to Dismiss. (Filing Nos. 23 and 35.) As set forth below, the Motions are granted.

## I. BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed this matter on October 26, 2011. (Filing No. 1.) Plaintiff alleges claims against four separate federal, Nebraska, Colorado, and Wyoming officials and includes the term "et al." with each named Defendant.[1] (*Id.* at CM/ECF p. 1.)

Plaintiff's Complaint is nonsensical, rambling, and extremely difficult to decipher. As best as the court can tell, Plaintiff asserts claims against Defendants for "criminal subterfuge," "treachery," for "criminally defraud[ing] Plaintiff, and for unspecified "corruption." (*Id.* at CM/ECF pp. 1-4.) Plaintiff alleges that Defendants have "[c]laimed they are gods, Banker gods, Wall Street gods," and have "RUNG the Bell To Quit," "[j]ust as the Navy Seals in training." (*Id.* at CM/ECF p. 4.) Plaintiff requests that the court award him "$18 Septillion with 17.5% interest annually from

---

[1] For purposes of this Memorandum and Order, the court need not distinguish between the separate Defendants.

January 1, 1970 to date, with seven times that amount Proverbs 6:30-31." (*Id.* at CM/ECF p. 4.)

Defendants filed their Motions to Dismiss, arguing, among other things, that dismissal is warranted because this court lacks subject matter jurisdiction. (Filing Nos. 24 and 36.) Plaintiff responded to the pending Motions to Dismiss, again with nonsensical, incomprehensible filings.[2] (Filing No. 33.) However, Plaintiff did not respond to any of the substantive arguments raised by Defendants. In light of this, the Motions to Dismiss are deemed fully submitted.

## II. SUBJECT MATTER JURISDICTION

Defendants argue that the claims against them should be dismissed because, among other things, this court lacks subject matter jurisdiction. (Filing Nos. 24 and 36.) The court agrees.

### A. Diversity of Citizenship Jurisdiction

As set forth in the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The statutory provisions conferring jurisdiction on the

---

[2] For example, Plaintiff states that "[b]ecause of Defendants Evil Coercion with government Constitutional Officers Those Bank Frauds led to the CRIMINAL BANK BAILOUTS. The Banks already had the Federal Reserve giving them $20.00 for every $1.00 they had. They still use Pyramid Schemes and their greed to defraud the USA Treasury in ONE World ORDER. Then George W. Bush president et al., COVERING UP BANK FRAUDS; REMEMBER SILVERADO and THE SWEETHEART DEALS by George H. W. Bush President et al., The Republican party et al. The Changing Names of their Banks are Keeping the Frauds and Corruptions Going. The Defendants SAID NOTHING!" (Filing No. 33 at CM/ECF pp. 1-2.) Plaintiff's entire Response consists of this sort of rambling.

2

federal courts "are strictly construed." *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962) (internal quotation omitted); *see also Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)) (holding that where an "opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence").

Here, Plaintiff alleges a sufficient amount in controversy, albeit a ridiculous one. (Filing No. 1.) However, Plaintiff does not set forth any specific allegations relating to his citizenship or the citizenship of any Defendant. (*Id.*) The only information contained in the Complaint relating to citizenship is Plaintiff's address of "Bushnell, Nebraska" and the fact that he has sued, among other people, the Attorney General of the State of Nebraska, who resides in Nebraska. (*Id.*) Defendants have clearly challenged both aspects of the "jurisdictional facts" underlying Plaintiff's allegations. Plaintiff failed to respond in any way to that challenge and has therefore failed to carry his burden to establish diversity of citizenship jurisdiction with "competent proof." Thus, this court has absolutely no basis upon which to assert diversity of citizenship jurisdiction over Plaintiff's claims and finds that diversity of citizenship jurisdiction does not apply.

### B. *Federal Question Jurisdiction*

In addition to diversity of citizenship jurisdiction, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). As set forth above, Plaintiff fails to assert any cause of action, and certainly does not adequately allege a cause of action under any federal statute or constitutional provision. Indeed, most of Plaintiff's Complaint is nonsense, and the bulk of the allegations are devoted to complaining of unspecified criminal conduct and allegations that Defendants are "corrupt" and have "[e]mbraced the devil" through a "bailout." (Filing No. 1 at CM/ECF pp. 1-4.)[3] Even with the most liberal construction, Plaintiff has failed to establish that federal question jurisdiction applies here. In light of Plaintiff's failure to submit competent proof, the court finds that it lacks subject matter jurisdiction.[4] Further, because it lacks subject matter jurisdiction, and although some Defendants have not yet been served and others have not yet answered, the court will

---

[3]At best, Plaintiff seeks criminal prosecution of Defendants. Such relief is not available because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban Cnty. Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (quoting *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")).

[4]Plaintiff references "foreclosure" in his Complaint. (Filing No. 1 at CM/ECF p. 1.) To the extent Plaintiff seeks to challenge the foreclosure of his land, the court notes that challenges to state foreclosure and eviction proceedings are barred under the *Rooker-Feldman* doctrine. *See, e.g., Vuaai El v. Mortgage Elec. Registry Sys.*, No. 08-14190, 2009 WL 2705819, at *9 (E.D. Mich. Aug. 24, 2009) (concluding the court lacked subject matter jurisdiction over plaintiff's challenge to state foreclosure and eviction proceedings where plaintiff alleged possession of a U.C.C. financing statement, possessory lien, land patent and homestead levy exemption).

dismiss this matter as to all claims and Defendants.

IT IS THEREFORE ORDERED that:

1. Defendants' Motions to Dismiss (filing nos. 23 and 35) are granted and Plaintiff's Complaint is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All other pending Motions and Objections are denied.

DATED this 30th day of April, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.